# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRIC OF KANSAS

| | |
|---|---|
| **KELSEY BENZ**<br><br>    **Plaintiff,**<br><br>v.<br><br>**BETTER HOMES AND GARDENS REAL ESTATE LLC**<br>Serve Registered Agent:<br>Corporate Creations Network Inc.<br>4601 E. Douglas Ave., #700<br>Wichita, KS 67218<br><br>    **Defendant.** | Case No. _____ |

## PETITION

COMES NOW Plaintiff Kelsey Benz, by and through counsel, and this Complaint against Defendant Better Homes and Gardens Real Estate LLC (hereinafter referred to as "BHGR"), states and alleges as follows:

## NATURE OF THE CLAIMS

1. This matter is an action for legal and equitable relief to redress the intentional and willful acts of Defendant pursuant to 18 U.S.C. § 2701 *et. seq.* and 18 U.S.C. § 2511 *et. seq.*

2. Defendant is a corporation organized and existing under the laws of the State of New Jersey, and with its principal office located at 175 Park Avenue, Madison, NJ 07940. Defendant is authorized to do business in the State of Kansas with its registered agent, Corporate Creations Network Inc., 4601 E. Douglas Ave., #700; it is in the business of conducting real estate transactions and other services in the State of Kansas generally.

1

3. At all times pertinent hereto, all employees and agents of Defendant were acting in their individual capacity and also as agents of Defendant within the course and scope of their employment and authority in furtherance of the business of Defendant. All the acts and omissions of the employees of Defendant are imputed to their employer who is liable for such acts and omissions.

4. Plaintiff is an individual resident of Prairie Village, Kansas, who, at all times mentioned herein, was employed by Defendant at its location in the city of Prairie Village, Kansas.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims enumerated herein pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(d) because Defendant maintains consistent and continual contact in the State of Kansas, conducts significant amounts of business transactions, and maintains a physical presence within the State of Kansas.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

7. At all times mentioned herein, Plaintiff was lawfully employed as an Administrative Assistant for Defendant, until her termination on January 3, 2022.

8. At all times herein, within Defendant policies, is the express prohibition of misusing email, voicemail or the internet, including the unauthorized use of a password/mailbox (among other categories).

9. Plaintiff began employment for Defendant on or about March 2008.

10. While employed by Defendant, Plaintiff was provided with a work computer, to be used in the office for professional use.

11. In December 2021, Plaintiff was approached by some employees within the company, and informed that the employees may be leaving soon, to start their own company.

12. The employees wanted to meet with Plaintiff to discuss a potential job position.

13. On or about December 20, 2021, Plaintiff met with the potential employer, to discuss a possible position.

14. Plaintiff only met with two individuals during the meeting and at this time, Plaintiff utilized time off of work from December 16, 2021, through December 22, 2021. Plaintiff did not go into the office during this time off work.

15. Following the meeting, on that same day, Plaintiff emailed the same individuals from her personal email account on her personal laptop, additional details and questions related to the job position.

16. The following day, in a span of approximately 24 hours, at approximately 3:45pm, the potential employer received a call from Defendant's Chief Executive Officer ("CEO") Christian Barnes and Chief Operating Officer ("COO") Terri McGowan, who stated, "So we hear that you are starting your brokerage and taking Kelsey with you".

17. Once the call ended, the potential employer called Plaintiff and informed her of the unexpected call from Defendant's CEO and COO.

18. Plaintiff was startled and informed the potential employer that she did not tell anyone about the meeting, including not even her fiancé.

19. Plaintiff immediately checked her email account and search history from her work computer, by utilizing a feature on her personal laptop, which allows her to log into her work computer and see the activity. Plaintiff discovered that on the same day in which the potential employer received a call from Defendant, someone from Defendant's office logged into her work computer while Plaintiff was not in the office.

20. Plaintiff discovered that someone also accessed her personal email from her work computer, in addition to Plaintiff's personal Facebook account and personal Google Hangout messages.

21. Plaintiff's browser history on her work compute was not deleted, therefore Plaintiff was able to review the activity from the computer and determine what applications and emails were accessed or reviewed.

22. Upon information and belief, Plaintiff's supervisor, Michele Monaco accessed Plaintiff's work computer, as Ms. Monaco is the only individual whom Plaintiff previously provided her login credentials to, in order to access her work computer for professional reasons.

23. Upon information and belief, Ms. Monaco disclosed the private and confidential information to other employees of Defendant.

24. Upon information and belief, Ms. Monaco accessed Plaintiff's personal email account and covertly reviewed Plaintiff's personal emails, along with other mediums, without Plaintiff's authorization or consent.

25. Plaintiff discovered that on December 21, 2021, between approximately 2:44pm and 3:05pm, her personal email account was accessed, in addition to her personal Facebook account and messages.

26. Plaintiff discovered that the email she delivered to the potential employer on December 20, 2021, was specifically accessed on December 21, 2021, between approximately 2:44pm and 3:05pm.

27. Upon discovery that someone in Defendant's office had been repeatedly accessing her personal emails and social mediums, without her consent, Plaintiff quickly changed all her passwords so her accounts could no longer be accessed improperly.

28. However, by that time, Defendant had already improperly accessed several personal emails and other data in Plaintiff's accounts.

29. The subject emails were comprised of very private and confidential information, including information related to Plaintiff's career, family, finances, health and other personal matters. Plaintiff never expected any other individual to review or access this information.

30. Plaintiff checked her email account and history again and saw that someone from her work computer had tried to access her personal email once again. However, Plaintiff's account was not accessible since she previously changed the password.

31. On January 3, 2022, Plaintiff arrived at the office and checked her email account and history again. Plaintiff discovered that on December 30, 2021, her work computer was logged into and again someone tried to access her personal email once again. However, Plaintiff's account was not accessible since she previously changed the password.

32. On or about January 3, 2022, Plaintiff was terminated from her position. Defendant's COO, Terri McGowan, called Plaintiff into the office and stated that she is aware Plaintiff has spoken to the potential employer about taking a new position. Ms. McGowan refused to disclose how she discovered that information, but terminated Plaintiff citing Plaintiff's conversation with the potential employer as the cause.

33. At no time did Plaintiff consent to Defendant, Defendant's agents, employee or representatives, accessing her personal email and other personal mediums of communication.

34. Defendant's conduct was knowing, intentional, willful, wanton, malicious and fraudulent.

35. At all relevant times that Ms. Monaco accessed, read and reviewed Plaintiff's personal emails, while disclosing the content to other employees, she was acting within the scope of her employment, and acted, at least in part, for the benefit of Defendant.

36. At all relevant times that Ms. McGowan and Ms. Barnes utilized the improperly accessed information, to terminate Plaintiff, they were acting within the scope of their employment, and acted, at least in part, for the benefit of Defendant.

37. Defendant's conduct was undertaken for the purpose of furthering Defendant's own interests, without the consent of Plaintiff, and in violation of state and federal law.

## COUNT I – VIOLATION OF 18 U.S.C § 2701
## STORED COMMUNICATIONS ACT

38. Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

39. At all relevant times, the Stored Communications Act (18 U.S.C. § 2701 *et. seq.*) was in full force and effect and governed the accessing of facilities through which electronic communication service is provided.

40. Defendant's agents, employees and representatives, acting within the course and scope of their employment, knowingly, intentionally, and willfully accessed Plaintiff's personal email account without authorization and obtained electronic communications that were then being electronically stored herein.

41. Defendant is liable for the actions of Defendant's employee under a theory of *respondeat superior* and the rules of agency.

42. The actions and conduct of Defendant and Defendant's management and staff were outrageous, because of their evil motive and/or reckless indifference or conscious disregard for the federally protected rights of Plaintiff.

43. Further, the above-described conduct of Defendant interfered with Plaintiff's work performance and adversely affected Plaintiff's employment, health, reputation and home life.

44. The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

45. Defendant's actions violated 18 U.S.C. § 2701 *et. seq.* and give rise to a claim under 18 U.S.C. § 2707 *et. seq.*

46. Plaintiff has been (and continues to be) damaged as a direct and proximate result of Defendant's actions. Plaintiff has suffered injuries including, but not limited to:

    a. emotional pain and suffering;

    b. insult;

    c. mental distress;

    d. embarrassment;

    e. humiliation;

    f. lost wages;

    g. anxiety; and

    h. inconvenience.

    WHEREFORE, Plaintiff requests that this Court, after a trial by jury of her claims, enter Judgment against Defendant granting such relief as is appropriate, pursuant to 18 U.S.C. § 2707 *et. seq.* and 18 U.S.C. § 2520 *et. seq.*, including statutory damages, compensatory damages as are fair and reasonable, punitive damages, Plaintiff's reasonable attorneys' fees, expert witness fees and the costs of this action; and for such further relief as the Court deems just and proper.

### COUNT II – VIOLATION OF 18 U.S.C § 2511
### THE WIRETAP ACT

47. Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

48. At all relevant times, the Electronic Communications Privacy Act (18 U.S.C. § 2510 *et. seq.*) was in full force and effect and governed the acquisition and disclosure of electronic communication transmitted by electronic communications servers.

49. Defendant's agents, employees and representatives, acting within the course and scope of their employment, knowingly, intentionally, and willfully intercepted, disclosed, and used Plaintiff's e-mail communications.

50. Defendant's agents, employees and representatives, acting within the course and scope of their employment, knowingly, intentionally, and willfully intercepted Plaintiff's electronic communications without her consent thereby violating 18 U.S.C. § 2511(1)(a).

*51.* Defendant is liable for the actions of Defendant's employee under a theory of *respondeat superior* and the rules of agency.

52. The actions and conduct of Defendant and Defendant's management and staff were outrageous, because of their evil motive and/or reckless indifference or conscious disregard for the federally protected rights of Plaintiff.

53. Further, the above-described conduct of Defendant interfered with Plaintiff's work performance and adversely affected Plaintiff's employment, health, reputation and home life.

54. Defendant's conduct gives rise to a claim under 18 U.S.C. § 2520, and/or under a theory of *respondeat superior*.

55. The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

56. Plaintiff has been (and continues to be) damaged as a direct and proximate result of Defendant's actions. Plaintiff has suffered injuries including, but not limited to:

    a. emotional pain and suffering;

    b. insult;

    c. mental distress;

    d. embarrassment;

  e. humiliation;

  f. lost wages;

  g. anxiety; and

  h. inconvenience.

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of her claims, enter Judgment against Defendant granting such relief as is appropriate, pursuant to 18 U.S.C. § 2707 *et. seq.* and 18 U.S.C. § 2520 *et. seq.*, including statutory damages, compensatory damages as are fair and reasonable, punitive damages, Plaintiff's reasonable attorneys' fees, expert witness fees and the costs of this action; and for such further relief as the Court deems just and proper.

## **COUNT III – INVASION OF PRIVACY**

57. Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

58. Defendant's agents, employees and representatives, acting within the course and scope of their employment, knowingly, intentionally, and willfully intruded upon the solitude and seclusion of Plaintiff's private affairs when Defendant's employee improperly accessed Plaintiff's emails.

59. At all relevant times that Defendant's agents, employees and representatives intruded upon the solitude and seclusion of Plaintiff's private affairs, Defendant's agents, employees and representatives were acting within the course and scope of their employment.

60. Defendant is liable for the actions of Defendant's employee under a theory of *respondeat superior* and the rules of agency.

61. The actions and conduct of Defendant and Defendant's management and staff would be highly offensive to a reasonable person.

62. Further, the above-described conduct of Defendant interfered with Plaintiff's work performance and adversely affected Plaintiff's employment, health, reputation and home life.

63. Plaintiff has been (and continues to be) damaged as a direct and proximate result of Defendant's actions. Plaintiff has suffered injuries including, but not limited to:

    a. emotional pain and suffering;

    b. insult;

    c. mental distress;

    d. embarrassment;

    e. humiliation;

    f. lost wages;

    g. anxiety; and

    h. inconvenience.

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of her claims, enter Judgment against Defendant granting such relief as is appropriate, including compensatory damages as are fair and reasonable, punitive damages, Plaintiff's reasonable attorneys' fees, expert witness fees and the costs of this action; and for such further relief as the Court deems just and proper.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

65. Defendant's agents, employees and representatives, acting within the course and scope of their employment, knowingly and intentionally intended to cause emotional distress or should have known their actions of accessing Plaintiff's personal email without consent would result in

serious emotional distress to Plaintiff, and Defendant's actions extend beyond the bounds of civility.

66. The actions and conduct of Defendant and Defendant's management was extreme and outrageous.

67. Following the actions and conduct of Defendant and Defendant's agents, employees and representatives, Plaintiff was soon thereafter terminated from her employment with Defendant.

68. The actions and conduct of Defendant proximately caused Plaintiff to suffer severe mental and emotional distress, including depression, grief, humiliation and anger.

69. At all relevant times that Defendant's agents, employees and representatives intruded upon the solitude and seclusion of Plaintiff's private affairs, Defendant's agents, employees and representatives were acting within the course and scope of their employment.

70. Defendant is liable for the actions of Defendant's employee under a theory of *respondeat superior* and the rules of agency, in furtherance of Defendant's interests.

71. Further, the above-described conduct of Defendant interfered with Plaintiff's work performance and adversely affected Plaintiff's employment, health, reputation and home life.

72. Plaintiff has been (and continues to be) damaged as a direct and proximate result of Defendant's actions. Plaintiff has suffered injuries including, but not limited to:

    a. emotional pain and suffering;

    b. insult;

    c. mental distress;

    d. embarrassment;

    e. humiliation;

    f. lost wages;

g. anxiety; and

h. inconvenience.

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of her claims, enter Judgment against Defendant granting such relief as is appropriate, including compensatory damages as are fair and reasonable, punitive damages, Plaintiff's reasonable attorneys' fees, expert witness fees and the costs of this action; and for such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted,

**PK LAW GROUP**

/s/ *Phillip C. Strozier*
PHILLIP C. STROZIER, KS #29179
107 W. 9th St.
Kansas City, MO 64105
(816) 929-8777 Phone
(816) 929-8791 Fax
pstrozier@pklawgroup.com
**ATTORNEY FOR PLAINTIFF**