IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KELSEY BENZ,** | |
| **Plaintiff,** | |
| v. | Case No. 2:22-cv-02081-HLT-TJJ |
| **PHB REALTY COMPANY,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

Plaintiff Kelsey Benz brings this action against her former employer Defendant PHB Realty Company, LLC. She claims Defendant accessed her personal email without authorization and fired her based on information gleaned from that email. She alleges Defendant's actions constitute state-law torts and violate the Stored Communications Act ("SCA") and the Federal Wiretap Act ("FWA").[1]

Defendant moves to dismiss her federal counts. Doc. 16. Defendant argues the SCA claim fails because Plaintiff does not plead actual damages and FWA claim fails because there was no "interception" of Plaintiff's email. For the following reasons, the Court denies Defendant's motion as to SCA claim but grants it as to the FWA claim.

**I.   BACKGROUND**[2]

Plaintiff was an administrative assistant for Defendant until her employment termination on January 3, 2022. Other employees working for Defendant approached Plaintiff in December

---

[1] Plaintiff also alleges Defendant's actions constitute invasion of privacy and intentional infliction of emotional distress under state law.

[2] The following facts have been drawn from Plaintiff's first amended complaint and are accepted as true for purposes of resolving the motion to dismiss.

2021 about leaving with them to start their own company. Plaintiff sent an email about the potential job from her personal email account on her personal laptop on December 20, 2021.

The next day Plaintiff's supervisor logged on to Plaintiff's work computer while Plaintiff was away from the office. The supervisor viewed Plaintiff's personal email account and emails on the work computer. Defendant's Chief Executive Officer and Chief Operating Officer then called Plaintiff's potential employer and said, "So we hear that you are starting your brokerage and taking [Plaintiff] with you." The potential employer told Plaintiff about the call, and Plaintiff did her own research to find out how Defendant knew. She checked her email account and search history and discovered someone had logged on to her work computer while Plaintiff was out of the office. Within two weeks, Defendant terminated Plaintiff's employment—citing as cause Plaintiff's conversation with the potential employer.

## II.     STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it is accompanied by sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In undertaking this analysis, a court accepts as true all well-pleaded allegations in the complaint,

though it need not accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678–79.

## III.   ANALYSIS

### A.   SCA Claim

The SCA prohibits, among other things, the intentional unauthorized access of a "facility through which an electronic communication service is provided"—thereby obtaining access to an electronic communication while in electronic storage. 18 U.S.C. § 2701(a). A court may award actual damages, statutory damages, and punitive damages for violation of the SCA. *Id.* § 2707(c). A finding (or, at this stage of the case, an allegation) of actual damages is necessary to recover statutory damages. *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022). But a finding (or allegation) of actual damages is not necessary to recover punitive damages. *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 209 (4th Cir. 2009); *see also Seale*, 32 F.4th at 1026-27 (citing *Van Alstyne* and *Vista Mktg., LLC v. Burkett*, 823 F.3d 954, 974 (11th Cir. 2016), for the principle that the SCA permits a plaintiff to recover punitive damages without actual damages).

Defendant argues in its motion that Plaintiff does not allege "sufficient facts to support an inference that Plaintiff suffered actual damages caused by the alleged unauthorized access of her Gmail and Facebook accounts in violation of the [SCA]." Doc. 16 at 7. More specifically, Defendant contends Plaintiff's allegations of actual damages stemming from the termination of her employment are insufficient. Defendant reasons that Plaintiff could be terminated at-will under Kansas law, so allowing her to claim damages for her termination effectively creates a claim for wrongful termination not recognized by Kansas law.

But Plaintiff alleges punitive damages, and no allegation of actual damages is necessary to receive an award of punitive damages as the cases above explain. Because Plaintiff's ability or

3

inability to recover actual damages for her termination does not impact her ability to seek punitive damages, the Court finds that Plaintiff has adequately alleged damages and denies Defendant's motion on the SCA claim.[3]

**B.    FWA Claim**

The FWA prohibits, among other things, the "interception" of electronic communication. 18 U.S.C. § 2511(a). Courts have rather uniformly held that such "interception" must be contemporaneous with transmission. *See, e.g.*, *Miller v. Meyers*, 766 F. Supp. 2d 919, 924 (W.D. Ark. 2011) ("Defendant did not obtain e-mails contemporaneously with their transmission, and thus, the FWA does not apply." (citation omitted)); *Healix Infusion Therapy, Inc. v. Helix Health, LLC*, 747 F. Supp. 2d 730, 744 (S.D. Tex. 2010) (finding no FWA violation when staff opened and read emails because the reading was not contemporaneous with the sending or receipt of the emails); *Cardinal Health 414, Inc. v. Adams*, 582 F. Supp. 2d 967, 979–80 (M.D. Tenn. 2008) (observing "[t]he Third, Fifth, Ninth, and Eleventh Circuits all agree that, for a communication to be 'intercepted' under the FWA, that communication must be acquired during the 'flight' of the communication" and determining email "snooping" by inappropriately reading emails in an inbox does not violate the FWA).

Plaintiff cites a few cases questioning the continued relevance of the contemporaneity requirement. *See, e.g.*, *In re Pharmatrak, Inc.*, 329 F.3d 9, 21 (1st Cir. 2003) ("We share the concern of the Ninth and Eleventh Circuits about the judicial interpretation of a statute written prior to the widespread usage of the internet and the World Wide Web in a case involving

---

[3]   Defendant asserts new arguments in its reply brief. Doc. 22 at 3-4 (arguing for the first time that (1) Plaintiff failed to sufficiently allege knowing or intentional unauthorized access to a facility under 18 U.S.C. § 2701(a) and (2) Plaintiff's allegations of willful or intentional conduct to support her punitive damages claim are insufficient as a matter of law). Because these arguments are not contained in its original motion, they are improperly raised and the Court declines to consider them.

purported interceptions of online communications."); *United States v. Steiger*, 318 F.3d 1039, 1047 (11th Cir. 2003); *United States v. Councilman*, 245 F. Supp. 2d 319, 321 (D. Mass. 2003), *rev'd en banc*, 418 F.3d 67 (1st Cir. 2005). Plaintiff essentially considers Defendant's motion premature and contends the "interception" question is not suitable for resolution now. Plaintiff also contends her allegations are sufficient because she alleges Defendant <u>maintained</u> access to her email, allowing Defendant simultaneous access to any email Plaintiff sent or received—regardless of when Defendant viewed the email.

The Court disagrees. The cases Plaintiff cites show some concern with applying the contemporaneity requirement in the internet age. But Plaintiff's cases predate a multitude of cases expressly finding the FWA doesn't prohibit reading emails without authorization after their transmission—cases utilizing solid reasoning to reach that conclusion. The Court agrees with the reasoning of the more recent cases, including *Miller* and *Cardinal Health 414, Inc.* These cases suggest that a key difference between the FWA and the SCA is that the FWA addresses communication in motion while the SCA addresses communication at rest. *See Miller*, 766 F. Supp. 2d at 924; *Cardinal Health 414, Inc.*, 582 F. Supp. 2d at 980–81.

Plaintiff alleges that her supervisor viewed her personal email the day after Plaintiff sent it. The viewing is when Defendant "accessed" her email; Plaintiff may not manufacture an "ongoing access/interception" claim by leaving her personal email open on her work computer and then claiming Defendant contemporaneously intercepted all personal emails coming and going. Plaintiff alleges the email was viewed the day after it was sent; this means the email was in electronic storage (or at rest) at the time it was viewed. This allegation is insufficient to state a claim under the FWA because Plaintiff doesn't allege interception contemporaneous with transmission. Count II is dismissed for failure to state a claim.

5

IV. **CONCLUSION**

Defendant's argument for dismissal of the SCA claim (Count I)—that this claim fails because she doesn't allege actual damages—lacks merit because Plaintiff seeks punitive damages. But Plaintiff's amended complaint fails to state a claim under the FWA (Count II) because she does not allege her email was intercepted during transmission.

THE COURT THEREFORE ORDERS that Defendant's Motion to Dismiss Counts I and II of Plaintiff's First Amended Complaint (Doc. 16) is GRANTED IN PART and DENIED IN PART. The SCA claim (Count I) remains at issue, but the Court dismisses the FWA claim (Count II).

IT IS SO ORDERED.

Dated: August 4, 2022         /s/ *Holly L. Teeter*
                              HOLLY L. TEETER
                              UNITED STATES DISTRICT JUDGE